KYH/LLR: USAO 2025R00544

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. JKB-26-08 |
| v. | * | |
| | * | (Possession of a Firearm and |
| ANTOINE MCDONALD, | * | Ammunition by a Prohibited Person, |
| | * | 18 U.S.C. § 922(g)(1); Possession with |
| Defendant. | * | Intent to Distribute Controlled |
| | * | Substances, 21 U.S.C. § 841(a)(1); |
| | * | Possession of a Firearm in |
| | * | Furtherance of a Drug Trafficking |
| | * | Crime, 18 U.S.C. § 924(c)(1)(A)(i); |
| | * | Forfeiture, 18 U.S.C. § 924(d), 21 |
| | * | U.S.C. § 853, 28 U.S.C. § 2461(c)) |
| | * | |
| | * | |

*******

## INDICTMENT

### COUNT ONE
**(Possession of a Firearm and Ammunition by a Prohibited Person)**

The Grand Jury for the District of Maryland charges that:

On or about September 29, 2025, in the District of Maryland, the Defendant,

**ANTOINE MCDONALD**,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit, a Sig Sauer P365 9mm handgun, bearing serial number 66G303179, and approximately eight (8) rounds of 9mm ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT TWO

**(Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

On or about September 29, 2025, in the District of Maryland, the Defendant,

**ANTOINE MCDONALD**,

did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base, a schedule II controlled substance; and a mixture or substance containing a detectable amount of N-phenyl-N-[1-( 2-phenylethyl )-4-piperidinyl] propenamide, commonly referred to as fentanyl, a schedule II controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT THREE
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

The Grand Jury for the District of Maryland further charges that:

On or about September 29, 2025, in the District of Maryland, the Defendant,

**ANTOINE MCDONALD**,

did knowingly possess a firearm, to wit, a Sig Sauer P365 9mm handgun, bearing serial number 66G303179, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), as alleged in Count Two of this Indictment.

18 U.S.C. § 924(c)(1)(A)(i)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under any of the offenses charged in Counts One through Three of this Indictment.

### Narcotics Forfeiture

2. Upon conviction of the offense alleged in Count Two of this Indictment, the Defendant,

**ANTOINE MCDONALD,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and

    b. any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such offense.

### Firearms and Ammunition Forfeiture

3. Upon conviction of the offenses alleged in Counts One or Three of this Indictment, the Defendant,

**ANTOINE MCDONALD,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offenses.

4

**Property Subject to Forfeiture**

4. The property to be forfeited includes, but is not limited to:

    a. a Sig Sauer P365 9mm handgun, bearing serial number 66G303179, and;

    b. approximately eight (8) rounds of 9mm ammunition.

**Substitute Assets**

5. If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

*Kelly Hayes /ASR*
Kelly O. Hayes
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

1/7/26
Date

5